UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH HUEBNER,<br><br>               Plaintiff,<br><br>     v.<br><br>AMERICAN FAMLY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>               Defendant. | Cause No. C22-0882RSL<br>Cause No. C22-987RSL<br><br>ORDER GRANTING MOTION<br>TO CONSOLIDATE |

This matter comes before the Court on defendant's "Motion to Consolidate." Dkt. # 13. Plaintiff filed two separate lawsuits against her underinsured motorist ("UIM") insurer. This action, which was the first to be filed, seeks a determination of the UIM benefits to which plaintiff is entitled under the policy. The second, C22-0987RSL, alleges that the insurer's claims handling violated the Insurance Fair Conduct Act, violated of the Unfair Claims Settlement Act, violated the Consumer Protection Act, breached the contract of insurance, breached the duty of good faith, and was negligent.

      Federal Rule of Civil Procedure 42(a) permits a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The existence of common issues, while a prerequisite to consolidation, does not compel consolidation. Rather, "[t]he district court

ORDER GRANTING MOTION
TO CONSOLIDATE - 1

has broad discretion under this rule to consolidate cases pending in the same district," *Investors Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal*., 877 F.2d 777, 777 (9th Cir. 1989), and generally "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984), when making the determination. The moving party bears the burden of showing that consolidation is appropriate. *Oester v. Wright Med. Tech., Inc*., No. CV-19-04763-PHX-SPL, 2021 WL 614881, at *2 (D. Ariz. Feb. 17, 2021); *In re Nat'l Football Leagues Sunday Ticket Antitrust Litig*., No. ML1502668BROJEMX, 2016 WL 6768841, at *2 (C.D. Cal. May 23, 2016).

American Family Connect Property and Casualty Insurance Company ("Amfam") argues that the two actions involve common questions fact for purposes of Rule 42(a) because (i) they arise out of the same motor vehicle incident and (ii) the parties are identical. Dkt. # 13 at 3. Those facts are not in dispute, however, and they do not give rise to a common issue that must be determined in this litigation. Amfam also points out that the cases involve a common question "regarding the amount Amfam was obligated to pay Huebner for UIM benefits under the insurance contract." Dkt. # 13 at 4. That issue is at the heart of both the above-captioned case and the breach of contract claim asserted in C22-0987RSL. Although it may make sense to stay the more complicated statutory claims until the amount owed under the policy is determined (an issue which the Court declines to decide at this juncture), resolving the contractual issues of breach and damages in a single suit will promote judicial efficiency and avoid unnecessary costs

ORDER GRANTING MOTION
TO CONSOLIDATE - 2

and delay. *Hicks v. Pastor*, No. 319CV05674RJB-DWC, 2019 WL 5698803, at *4 (W.D. Wash. Oct. 3, 2019), report and recommendation adopted sub nom. *Hicks v. Rembert*, No. C19-5674 RJB, 2019 WL 5693914 (W.D. Wash. Nov. 4, 2019) ("[T]he Court could order consolidation of the cases . . . in order to make discovery, dispositive motions and trial more efficient for the parties and the Court."). The Court therefore finds that consolidation is appropriate under Fed. R. Civ. P. 42(a).[1]

For all of the foregoing reasons, the motion to consolidate filed in C22-0882RSL (Dkt. # 13) is GRANTED.  It is hereby ORDERED that *Huebner v. American Family Connect Property and Casualty Insurance Company*, Case No. C22-0882RSL, and *Huebner v. American Family Connect Property and Casualty Insurance Company*, Case No. C22-0987RSL, are consolidated for all purposes. **Plaintiff shall file a consolidated amended complaint within twenty-one days of the date of this Order.**

All documents filed in the future regarding these matters, including the consolidated amended complaint, shall be filed under cause number C22-0882RSL and bear the caption:

---

[1] Although Amfam filed a motion to consolidate only in this cause number, the parties in the related case, C22-0987RSL, are the same and therefore have notice of the motion.

ORDER GRANTING MOTION
TO CONSOLIDATE - 3

|   |   |   |
|---|---|---|
| ELIZABETH HUEBNER, | ) | No. C22-0882RSL |
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

The Clerk of Court is directed to close cause number C22-0987RSL.

DATED this 3rd day of October, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO CONSOLIDATE - 4